# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:07-cr-00145-KJD-PAL |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | (Mtn for Subpoena - Dkt. #1347) |
| RONALD "JOEY" SELLERS, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Ronald "Joey" Sellers *Ex Parte* Application in Support of an Order for the Issuance of Subpoena Pursuant to Federal Rules of Criminal Procedure 17(a), 17(b) & 17(c) (Dkt. #1347), filed under seal.

## BACKGROUND

Defendant Sellers is charged in a Superseding Indictment (Dkt. #181) returned May 20, 2008. On August 4, 2011, the United States Attorney General determined not to seek the death penalty against Mr. Sellers. *See* Dkt. #1338.  The proposed subpoena *duces tecum* is directed to Chief Ed Johnson at the Donald W. Wyatt Detention Center.  The application requests issuance of the subpoena to require the witness to appear at the trial and bring "black and white photographs (or color photographs if available) taken of Ronald "Joey" Sellers documenting the nature and subject matter of his body tattoos while in the Donald W. Wyatt Detention Center."  However, the proposed subpoena directs that Chief Ed Johnson contact defense counsel or their investigator "in connection with producing the photographs pretrial to negate any need to travel to Nevada for trial."  The application attaches a proposed order which would require the witness to produce the photographs within a reasonable time prior to trial, that expenses for the witnesses be paid as if subpoenas for the government, and that the Order remain under seal.  The application seeks the photographs within a reasonable time before trial so that defense

counsel may integrate them into pretrial discovery to the prosecution and into trial exhibits and examinations and is supported by the affidavit of counsel.

## DISCUSSION

### A.   Fed. R. Crim. P. 17

Fed. R. Crim. P. 17 governs the issuance of subpoenas in criminal proceedings.  The process for obtaining subpoenas returnable at trial for those who are unable to pay for them is governed by Rule 17(a).  Rule 17(b) describes the procedure for defendants who are unable to pay the requisite witness fees and permits an *ex parte* application by a defendant requesting that the court issue a subpoena.  The court will authorize issuance of a subpoena to a defendant who is unable to pay "upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense."  Fed. R. Crim. P. 17(b).  "Although prior judicial authorization is required, the *ex parte* nature of a Rule 17(b) application serves to put a defendant on equal footing with the Government because the Government is not required to give a defendant notice as to those witnesses that it intends to subpoena to testify at trial."  *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y. 1995).

Rule 17(c) establishes the process by which federal courts can issue subpoenas *duces tecum* for the production of evidence before trial.  Rule 17(c)(1) governs the production of documents and objects and provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates.  The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

*Id*.

Unlike a subpoena issued under Rule 17(a) or 17(b) to compel a witness to appear at trial, the court has discretion to direct that a subpoena *duces tecum* be made returnable **before** trial.  However, Rule 17 is not a discovery device.  *United States v. Nixon,* 418 U.S. 683, 689 (1974); *see also United States v. LaRouche Campaign*, 841 F.2d 1176, 1179 (1st Cir. 1988); *United States v. Fletcher*, 461 F.Supp.2d 1101, 1102 (D. Ariz. 2006) ("[s]ubpoenas issued pursuant to Rule 17(c) are not discovery devices and may not be used to expand the scope of Rule 16."); *United States v. Shinderman*, 232

2

F.R.D. 147, 150 (D. Me. 2005); *United States v. Carter*, 15 F.R.D. 367, 369 (D. D.C. 1954) ("[to construe Rule 17 as a discovery rule would render Rule 16 nugatory and meaningless and would defeat its limitations"). Rule 17(c) may, however, be used to obtain evidentiary materials. *See Nixon*, 418 U.S. at 699-700; *Bowman Diary Co. v. United States*, 341 U.S. 214, 219-20 (1951).

Rule 17(c)(1) does not authorize a party to subpoena a witness and require him to report at some time or place other than either a trial or hearing to be held at which he is to testify. Its purpose is to permit the issuance of subpoenas only to compel attendance at hearings conducted by the court and trial. *See United States v. LaFuente*, 54 F.3d 457 (8th Cir. 1995), *cert. denied*, 516 U.S. 902 (prosecutor improperly secured attendance of witness at pretrial interview by subpoena); *United States v. Keen*, 509 F.2d 1273 (6th Cir. 1975) (government's use of subpoenas to compel witnesses to attend pretrial interview miles from place of trial at a proceeding not authorized by court was improper); *United States v. Stirone*, 168 F. Supp. 490 (D. Pa. 1957), *aff'd*, 262 F.2d 571 (3rd Cir. 1958), *rev'd on other grounds*, 361 U.S. 212 (1960) (improper for government to issue subpoenas compelling witnesses to appear at U.S. Attorney's Office in federal courthouse to ensure keeping of proper records).

Leave of court is required for a pretrial subpoena *duces tecum*. *United States v. Beckford*, 964 F. Supp. 1010, 1021 n.10 (D. Va. 1997). A number of courts have held that the court has discretion to require production of documents by subpoena *duces tecum* prior to trial. *United States v. Lieberman*, 608 F.2d 889 (1st Cir. 1979), *cert. denied*, 444 U.S. 1019; *United States v. Parker*, 586 F.2d 422 (5th Cir. 1978), *cert. denied*, 441 U.S. 962; *United States v. Murray*, 297 F.2d 812 (2nd Cir. 1962), *cert. denied*, 369 U.S. 828. The Supreme Court has stated:

> Enforcement of a pretrial subpoena *duces tecum* must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues. Without a determination of arbitrariness or that the trial court finding was without record support, an appellate court will not ordinarily disturb a finding that the applicant for a subpoena complied with Rule 17(c).

*Nixon*, 418 U.S. at 702.

**B.    Standard for Pretrial Production**

The burden is on the party seeking production to show good cause for the production before trial. *Beckford*, 964 F. Supp. at 1022. In *United States v. Iozia*, the district court formulated a standard

for establishing good cause for production prior to trial requiring a showing:

> (1) That the documents are evidentiary and relevant;
>
> (2) That they are not otherwise procurable by the defendant reasonably in advance of trial by exercise of due diligence;
>
> (3) That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial;
>
> (4) That the application is made in good faith and is not intended as a general fishing expedition.

13 F.R.D. 335, 338 (D.C.N.Y. 1952).  Other federal courts have generally followed the *Iozia* test for establishing good cause for pretrial production.  *See, e.g.*, *Nixon*, 418 U.S. at 699; *United States v. Miller*, 660 F.2d 563, 565 n. 1. (5th Cir. 1981); *United States v. Stein*, 488 F.Supp.2d 350, 366 (S.D.N.Y. 2007); *U.S. v. Gel Spice Co., Inc.*, 601 F.Supp. 1214 (D.C.N.Y. 1985).

   In *Nixon,* the Supreme Court held that the party seeking pretrial production bears the burden of establishing relevancy, admissibility, and specificity.  *Id*. at 700.  The burden is on the party seeking the subpoena "to show the evidentiary nature of the requested materials with appropriate specificity." *United States v. Skeddle*, 178 F.R.D. 167, 168 (N.D. Ohio 1996).  Conclusory allegations of relevance and admissibility are insufficient to meet the moving party's burden.  *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981), *cert. denied*, 455 U.S. 949 (1982); *United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994).  It is not enough that the documents requested in a Rule 17(c) subpoena *duces tecum* may have some potential of relevance and evidentiary use.  *United States v. Burger*, 773 F.Supp. 1419, 1425 (D. Kan. 1991).  Rather, there must be a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment, and the moving party must make a sufficient preliminary showing that the requested material contains admissible evidence regarding the offenses charged.  *Nixon* at 700.  The specificity requirement "ensures that the subpoenas are used only to secure for trial certain documents or sharply defined groups of documents." *Jackson*, 155 F.R.D. at 667 *(citing United States v. Crosland*, 821 F.Supp. 1123, 1129 (E.D. Va. 1993)).  The specificity requirement also prevents a subpoena *duces tecum* issued pursuant to Rule 17(c) from being used as a "fishing expedition to see what may turn up." *Bowman Dairy Co.*, 341 U.S. at 221.  Or, as the court noted in *United States v. Noriega*, 764 F.Supp. 1480, 1493 (S.D. Fla. 1991), "[i]f the moving party cannot

4

1   reasonably specify the information contained or believed to be contained in the documents sought but

2   merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."

3           **C.    *Ex Parte* Applications for Pretrial Production**

4           Rule 17(b) allows an *ex parte* application by a defendant unable to pay for an order compelling a

5   witness to appear.  Rule 17(c), however, does not contain any language allowing an *ex parte* application

6   for pretrial production by a defendant without financial means.  Courts are split as to whether a party

7   may make an *ex parte* application for a pretrial subpoena *duces tecum*, and the Ninth Circuit has not

8   ruled upon the issue.  Some courts have found that under no circumstance may a party make an *ex parte*

9   application for a subpoena *duces tecum*.  *See, e.g.*, *United States v. Fox*, 275 F.Supp.2d 1006, 1012 (D.

10  Neb. 2003) (finding Rule 17(c) does not normally permit *ex parte* applications for subpoena *duces*

11  *tecum* unless the sole purpose of seeking the documents is for use at trial); *United States v. Peterson*,

12  196 F.R.D. 361, 361-62 (D.S.D. 2000) (Rule 17(c) motion may not be made *ex parte* where subpoena

13  requests documents be produced prior to trial); *United States v. Finn*, 919 F.Supp. 1305, 1330 (D.

14  Minn. 1995) (same); *United States v. Hart*, 826 F.Supp. 380, 381 (D. Colo. 1993) (court has discretion

15  to allow pretrial production of documents under Rule 17(c) where both parties are permitted to examine

16  documents); *United States. v. Urlacher*, 136 F.R.D. 550, 555-56 (W.D.N.Y. 1991) (scheme of Rule 17

17  supports congressional intent that compliance with subpoena *duces tecum* requires notice to opposing

18  counsel).

19          Other courts have held that a party may make an *ex parte* application.  *See Beckford*,

20  964 F.Supp. at 1025-31; *United States v. Daniels*, 95 F.Supp.2d 1160, 1162-63 (D. Kan. 2000)

21  (*ex parte* applications permissible where source or integrity of evidence would be 'imperiled' or trial

22  strategy disclosed); *United States v. Tomison*, 969 F.Supp. 587, 589-95 (E.D. Cal. 1997) (*ex parte*

23  applications are generally disfavored, but are permitted in limited circumstances, such as where a

24  subpoena served on third party, and notice would compromise trial strategy).  Further, as the court

25  observed in *United States v. Reyes*:

26          There are strong policy reasons in favor of an *ex parte* procedure.  If a source
            of evidence were to be identified before the issuance of a subpoena, the
27          source or the integrity of the evidence might be imperiled.  In addition, a
            party may have to detail its trial strategy or witness list in order to convince
28          a court that the subpoena satisfies the *Nixon* standards of specificity,

                                                     5

relevance, and admissibility.  If a full adversary hearing was required to obtain a subpoena *duces tecum*, a party would be forced to reveal this information to the opposing side, a result which would occur even if a court declined to issue the subpoena.  In this vein, the Court is mindful that it is often defendants who seek a subpoena *duces tecum* on an *ex parte* basis in order to avoid disclosing their trial strategy to the Government.

162 F.R.D. at 470.

This court agrees with those courts which have found that an indigent defendant should be permitted to make an *ex parte* application for pretrial production of documents under limited circumstances, such as where identification of the source of evidence potentially imperils the source or integrity of evidence; or where notice of a subpoena *duces tecum* would compromise defense counsel's trial strategy; or where a constitutional interest of a defendant is implicated.  Although the court agrees that an indigent defendant should be permitted under limited circumstances to make an *ex parte* application for a subpoena *duces tecum* for pretrial production of evidence, it does not follow that the defendant is entitled to strategic advantage or tactical surprise.  Rule 17(c)(1) plainly provides that "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence" and "may permit the parties and their attorneys to inspect all or part of them." *Id*.

The court finds application satisfies the *Iozia* test and establishes good cause for production of the requested photographs prior to trial.  The court also finds Seller's application and supporting affidavit were appropriately filed *ex parte* and should remain sealed to protect the mental impressions and trial strategy of defense counsel.  However, as the application justifies the need for pretrial production of the photographs to enable defense counsel to provide pretrial discovery to the prosecution and to prepare trial exhibits, the court will direct the witness to produce the designated items to the Clerk of Court, who shall inform both the government and defense counsel when the photographs are available, permitting counsel for both sides to inspect them as contemplated by Rule 17(c)(1).

Accordingly,

**IT IS ORDERED** that:

1.    Sellers' Motion for Subpoena (Dkt. #1347) is GRANTED.

/ / /

6

2. The witness shall produce and forward photographs responsive to the subpoena by **August 8, 2011**, along with a copy of this Order, to:

> Clerk of Court
> United States District Court for the District of Nevada
> 333 Las Vegas Blvd., South
> Las Vegas, NV 89101.

3.     Upon receipt of the photographs, the Clerk of Court shall notify counsel for both parties that they are available for inspection and copying.

4.     The *Ex Parte* Declaration and Application in Support of an Order for the Issuance of Subpoena Pursuant to Federal Rules of Criminal Procedure 17(a), 17(b), & 17(c) shall remain under seal.

5.     The cost of process, fees, and expenses for the witness shall be paid as if subpoenaed on behalf of the government, the court being satisfied that Sellers is financially unable to pay the fees and expenses of the witness, and the presence of the witness is necessary to an adequate defense.

6.     Counsel for Sellers shall serve a copy of this Order, along with the subpoena on Chief Ed Johnson at the Donald W. Wyatt Detention Center.

Dated this 7th day of July, 2011.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

7